# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21370-CIV-LENARD

**ARACA MERCHANDISE L.P.,**

      Plaintiff,

**v.**

**VARIOUS JOHN DOES,
VARIOUS JANE DOES,
and XYZ COMPANY,**

      Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court on a sua sponte review of Plaintiff Araca Merchandise L.P.'s Complaint for Trademark Infringement and Lanham Act Violations, (D.E. 1), filed April 18, 2016.  Also on April 18, 2016, Plaintiff filed an Ex Parte Application for Temporary Restraining Order, Seizure Order, and Order to Show Cause Why A preliminary Injunction and Seizure Order Should Not Issue, ("Motion" D.E. 6). Because the Court finds that this case is not justiciable, it has no jurisdiction to consider Plaintiff's Motion.  See Vandenbrink v. Voneschen, 542 F. App'x 728, 730 (11th Cir. 2013) (vacating and remanding to district court with instructions to dismiss complaint for lack of subject matter jurisdiction where complaint did not present a justiciable issue); Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006) (observing that justiciability issues of "[s]tanding and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute").

Plaintiff is engaged in the manufacture, distribution, and sale of various types of merchandise sold and distributed at live-music concerts and retail stores.  (Compl. ¶ 7.) Plaintiff possesses the exclusive right to utilize all federally-registered trademarks, service marks, trade names, likenesses and logos of the recording artist Beyoncé.  (Id. ¶ 12.)  Beyoncé's tour will begin on April 27, 2016 at Marlins Park in Miami, Florida.  (Id. ¶ 13.)

Plaintiff filed the instant Complaint against unnamed individuals and an unknown company "on information and belief" that they will attempt to sell, or "bootleg," unauthorized Beyoncé merchandise at each of Beyoncé's performances on the upcoming tour.  (Id. ¶¶ 3-6, 15-21.)  Plaintiff seeks injunctive and monetary relief for trademark infringement and violations of the Lanham Act.  (Id. ¶¶ 22-25.)  The Complaint requests the Court to

> order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

(Compl. at 7.)  Thus, the requested Order would extend to virtually every on-duty and off-duty federal, state, and local law enforcement officer (excluding the FBI) "within or in the vicinity" of Beyoncé's performances in Florida, Georgia, North Carolina, Tennessee, Texas, California, Washington, Minnesota, Illinois, Pennsylvania,

Massachusetts, New York, Maryland, and Michigan,[1] and enjoin unknown Defendants in each of those states from engaging in future conduct which may or may not occur, without a prior opportunity to be heard.

This Court joins three published decisions on the issue and finds that this case is not justiciable.  See Plant v. Doe, 19 F. Supp. 2d 1316, 1321 (S.D. Fla. 1998) (finding that ex parte action seeking to enjoin concert bootleggers from the future sale of merchandise bearing the likeness of Robert Plant and Jimmy Page or the Led Zepplin logo was not justiciable); Brockum Co., a Div. of Krimson Corp. v. Various John Does, 685 F. Supp. 476, 477 (E.D. Pa. 1988) (same for the band AC/DC); Rock Tours, Ltd. v. Does, 507 F. Supp. 63, 66 (N.D. Ala. 1981) (same for the band Styx).

First, the non-adversarial nature of this ex parte action presents a significant justiciability issue.  See Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014) (noting that the justiciability doctrine "seeks to ensure that the judiciary considers only those matters presented in an adversarial context").  As Judge King stated in Plant: "Serious justiciability problems arise from the facts that Defendants cannot possibly be here to defend their position, Defendants at this time have not committed any injurious act, and Defendants, for all the Court knows, may never have committed any similar injurious acts in the past."  19 F. Supp. at 1321.  And, as Judge Clemon observed in Rock Tours:

---

[1]     According to the concert ticket vendor Tickemaster, these are the states in which Beyoncé is scheduled to perform on the upcoming tour.  See http://www.ticketmaster.com/Beyonce-tickets/artist/894191?brand=beyonce (last visited Apr. 18, 2016).

At this point, plaintiffs have no adversaries in this Court. This proceeding has been wholly ex parte. Although the lack of actual defendants has apparently not posed an insurmountable barrier to preliminary injunctive relief in at least sixteen similar federal district court cases, this Court is not so sanguine in an ex parte proceeding. While plaintiffs take comfort in the fact that in those cases, there is usually no challenge to the ex parte relief granted by the Courts; in this Court's view, the absence of challenges may simply beg the question of whether the proceedings are truly adversary proceedings. . . .

Under these circumstances, this Court doubts ". . . the existence of a sufficient adversary interest to stimulate the parties to a full presentation of the facts and arguments, which in our adversary system is available only from the parties." Wright, Miller and Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> s 3530, 164-165. At this time, the instant action is not a justiciable one for purposes of ex parte injunctive relief.

507 F. Supp. at 66 (footnotes omitted).[2]  The Court finds the non-adversarial nature of

this trademark infringement action particularly troublesome in light of the fact that

---

[2]    Of the "sixteen similar federal district court cases" to which Judge Clemon referred, only one—<u>Joel v. Various John Does</u>, 499 F. Supp. 791 (E.D. Wisc. 1980)—rendered a published opinion.  In <u>Joel</u>, the district court granted the plaintiff's motion for an ex parte temporary restraining order "prohibiting certain unnamed persons from selling merchandise bearing [Billy] Joel's name or likeness outside the Milwaukee Arena where Joel" was to perform <u>the same day</u>.  499 F. Supp. at 791.  However, even in <u>Joel</u> the district court expressed concern regarding the

propriety of the remedy sought by the plaintiffs insofar as it requires the court to enjoin the activities of persons whose identities are unknown at this time.  A court does not have the power to order injunctive relief against a person over whom the court has not required in personam jurisdiction.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 111-112, 89 S. Ct. 1562, 1570, 23 L. Ed. 2d 129 (1969).  A court does not have the power to enjoin the behavior of the world at large.  <u>Chase National Bank v. City of Norwalk</u>, 291 U.S. 431, 436-437, 54 S. Ct. 475, 477, 78 L. Ed. 894 (1934).  Furthermore, as a general rule, the federal courts do not favor the naming of "John Doe" defendants.  <u>Fifty Associates v. Prudential Insurance Company</u>, 446 F.2d 1187 (9th Cir. 1970); <u>United States ex rel. Lee v. Illinois</u>, 343 F.2d 120 (7th Cir. 1965).

<u>Id.</u> at 792.  <u>Joel</u> is also distinguishable in that the temporary restraining order was limited to prohibiting the sale of merchandise outside the arena at which Billy Joel was performing <u>that night</u>, whereas here Plaintiffs seek a temporary restraining order, preliminary, and permanent

Defendants could have legitimate "fair use" defenses to Plaintiff's trademark claims.  See generally Carins v. Franklin Mint Co., 292 F.3d 1139, 1150-51 (9th Cir. 2002); see also Int'l Stamp Art, Inc. v. U.S. Postal Serv., 456 F.3d 1270, 1274 (11th Cir. 2006).

Second, "[t]he relief sought by Plaintiff[] extends far beyond the powers of this one federal district Court.  Plaintiff[] ask[s] this Court first to create a law authorizing the U.S. Marshal to seize on sight any merchandise that reasonably appears to the Marshal to infringe on a trademark and second to execute the law by ordering the Marshal to seize the merchandise."  Plant, 19 F. Supp. 2d at 1321.  Here, the extra-judicial nature of the relief sought is even more pronounced than in Plant because, in addition to the U.S. Marshal, Plaintiff asks the Court to authorize all on-duty and off-duty local and state law enforcement officers within the vicinity of a Beyoncé concert, as well as "authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise . . . ."  (Compl. at 6-7.)  As Judge Clemon stated in Rock Tours:

> Basically, plaintiffs seek through this Court a mechanism under which to seize and impound the allegedly bootleg merchandise to be sold by the unnamed defendants . . . It would appear, therefore, that this controversy is one which may be more appropriately addressed to the legislative or executive branches.

507 F. Supp. at 66.  See also Strickland, 772 F.3d at 882 (noting that the justiciability doctrine "aims to prevent the judiciary from infringing on the powers of the executive

---

injunction prohibiting bootlegged sales at all stadiums or arenas at which Beyoncé will be performing on her entire tour.  (See Compl. at 6-7; Proposed Order on Temporary Restraining Order, D.E. 6-1 at 4.)

and legislative branches"); Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).

The Court further finds that this case is not ripe for judicial disposition. See Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003) ("[T]he question of ripeness may be considered on a court's own motion."). "Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." Digital Props., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997) (citing U.S. Const. art. III, § 2, cl. 1). "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Id. "The doctrine seeks to avoid entangling courts in the hazards of premature adjudication." Id. (quoting Felmeister v. Office of Attorney Ethics, 856 F.2d 529, 535 (3d Cir. 1988)). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." Id. (citing Abbot Labs. v. Gardner, 387 U.S. 136, 148 (1967)). "Courts must resolve 'whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.'" Id. (quoting Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995)).

Here, Plaintiff's claims fail the prudential, or "fitness" prong of the ripeness inquiry. See Cheffer, 55 F.3d at 1524. Plaintiff's "allegations amount to mere speculation about contingent future events." Id. The Complaint alleges only that some

6

unknown Defendants will, at Beyoncé's future performances, sell unauthorized merchandise that bears Beyoncé's trademarks.  (Compl. ¶¶ 15-16.)  It does not allege that such infringement has ever happened before, that this is a continuing violation, that any individual or entity has ever been found liable for infringing Beyoncé's trademarks, or otherwise indicate what informed Plaintiff's "information or belief" that such infringement was going to occur at Marlin's Park on April 27, 2016 or at any of Beyoncé's subsequent performances.  Federal district courts "exist solely to resolve disputes between actual parties involved in actual controversies.  They may not issue advisory opinions, and they may not address contingencies or hypothetical situations."  Plant, 19 F. Supp. 2d at 1321.

Finally, the Court notes that even if this case was justiciable, injunctive relief would not be appropriate because: (1) Plaintiffs have not made a sufficient showing that the Court has personal jurisdiction over the unknown defendants, id. at 1319; Brockum, 685 F. Supp. at 477; Rock Tours, 507 F. Supp. at 66; and (2) "policy consideration militate against granting injunctive relief."  Plant, 19 F. Supp. 2d at 1321.  With respect to the former, the plaintiff has the burden of establishing a prima facie case of personal jurisdiction.  Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006).  In Brockum, the plaintiffs sought a nationwide injunction against bootleggers outside AC/DC concerts.  685 F. Supp. at 476.  The Court noted that "the necessary predicates for enjoining such persons, whoever and wherever they may be, is in personam jurisdiction and venue, neither of which have been adequately established by a competent showing in this action."  Id. at 477-78.  "[A]s compelling and worthwhile

as plaintiffs' objectives may be, the procedural means of accomplishment must be provided by law and must be carefully observed.  This is particularly so in an ex parte proceeding."  Id. at 478.  "A court does not have the power to enjoin the behavior of the world at large."  Joel, 499 F. Supp. at 792.

Additionally, as Judge King noted in Plant, "in order to survive dismissal for lack of jurisdiction, Plaintiffs must 'demonstrate[ ] that they have engaged in a reasonably diligent search to identify the unknown defendants [and] . . . inform [ ] the Court of any efforts they have taken to provide these individuals with constructive notice.'"  19 F. Supp. 2d at 1320 (quoting Boyd v. Ariz. State Bd. of Dental Examiners, Case No. Civ. A. 88-1560-MA, 1989 WL 37309, at *12 (D. Mass. Apr. 4, 1989)).  "Furthermore, the requirement that 'unknown parties have at least constructive notice is no dispensable formality; rather, it is an essential element of due process without which a court has no jurisdiction to bind the absent parties.'"  Id. (quoting Friedman v. N.Y. City Dep't of Hous. & Dev. Admin., 688 F. Supp. 896, 901 (S.D.N.Y. 1988)).  Here, as in Plant, Plaintiff has elected not to serve Defendants with process until the property has already been seized.  (See Proposed Order on Injunctive Relief (D.E. 6-1) at 4.)  Even more disturbing is that Plaintiff's Motion for injunctive relief states that "[o]nce Defendants have been served at the concert, this Court acquires personal jurisdiction over them." (D.E. 6-2 at 19.)  Thus, by Plaintiff's own admission, this Court may not currently have personal jurisdiction over Defendants.  Clearly, then, Plaintiff has failed to establish a prima facie case establishing personal jurisdiction over Defendants.  See Zepeda v. U.S. Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court

may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Finally, the Court echoes Judge King's concern that "[t]he public interest can hardly be served by this Court ordering armed police personnel to forcibly confiscate the merchandise of unsuspecting vendors at a rock concert where people are probably already in a rowdy mood." Id. at 1321-22.  The Court also echoes the Brockum court's observation that "the use of plainclothes personnel to serve and enforce court orders of this type may be more conducive to violence than to discouraging bootlegging." 685 F. Supp. at 478.  Here, those dangers are even more pronounced in that Plaintiff seeks an order authorizing law enforcement officers and non-law enforcement "agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all" allegedly infringing merchandise which the unnamed and unknown Defendants attempt to sell.  The Court can only guess as to how Plaintiff's agents and persons acting under their supervision planned to peacefully seize allegedly infringing merchandise from bootleggers, but because this case is not justiciable, the Court need not inquire further.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      This case is **DISMISSED without prejudice** for lack of justiciability;

2.      All pending motions are **DENIED AS MOOT**; and

3.     This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of April, 2016.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**